## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

**JOHN DOE,**
    **Plaintiff,**

**v.**

**THE SAVANNAH COLLEGE OF**
**ART AND DESIGN, INC., LINDSEY**
**BEACHWOOD, in her**
**capacity as Deputy Title IX Coordinator,**
**DAVID BLAKE, in his**
**capacity as Hearing Officer and**
**Dean of Students, AND**
**BRAD GRANT, in his**
**capacity as Sanctioning Officer,**
    **Defendants.**

**Case No. _____**

---

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND MEMORANDUM IN SUPPORT

John Doe, pursuant to Rule 65 of the Federal Rules of Civil Procedure, moves

the Court for entry of a Temporary Restraining Order and Preliminary Injunction

enjoining defendant The Savannah College of Art and Design ("SCAD") and all

persons acting on its behalf, from implementing sanctions against Plaintiff, holding

files from Plaintiff's Title IX investigation in a "disappearing ink" format, refusing

to share Plaintiff's Title IX investigation files with Plaintiff's law firm, and

conducting an appeal on Plaintiff's Title IX case until such time as Plaintiff can

access the investigation files which allow him to mount a proper appeal and a

meaningful opportunity is granted for Plaintiff to be heard on the sanctions against him.

This Court has authority under Rule 65(b)(1) of F.R.C.P. to issue a temporary restraining order without written or oral notice to the adverse party if immediate and irreparable harm can be shown, or damage will result to Plaintiff before opposition arguments can be heard. Plaintiff cannot accept the risk that defendant will move forward with sanctions prior to a preliminary injunction hearing being conducted before this Court or before SCAD's Title IX administrative remedies have been exhausted.

Pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure, undersigned counsel for the Plaintiff respectfully certifies to the Court that, concurrent with this filing, Plaintiff is providing defendant's Title IX office with copies of this motion and all supplemental documentation and will also send copies via certified mail to SCAD's registered agent as well as the principal office address, as listed on the Secretary of State's website. An affidavit from Plaintiff's counsel is also attached as Exhibit A, which also further outlines the reasons why a Temporary Restraining Order should be entered without an opportunity' for Defendant to be heard.

This motion is based on the following grounds:

1. On August 23, 2022, Plaintiff received notice that a Title IX complaint had been filed against him by another SCAD student, Jane Roe, alleging that during a consensual sexual encounter with plaintiff eleven months earlier, in September 2021, Roe withdrew consent. Roe further alleged that since plaintiff did not withdraw his penis from her vagina in the approximately five seconds that it took for him to differentiate their dirty talk from her saying "stop," while in the dark with no visual cues, that Doe sexually assaulted her.

2. An investigation was conducted by SCAD in accordance with their Sexual Misconduct Policy and Grievance Process for the Sexual Misconduct Policy.

3. The draft Investigation Report and evidence were provided to the Complainant and the Respondent on October 24, 2022 at approximately 12:39 p.m.

4. The draft investigation report and evidence were provided in a digital format, heavily watermarked and difficult to view, and unable to be accessed by another Title IX attorney in Plaintiff's counsel's law firm.

5. The draft investigation report and evidence were available only until 11:59 p.m. on Nov. 3, 2022 (10 days).

6. On Friday, Oct. 28, 2022 at 1:34 p.m., Brandy Mai ("Mai") an attorney in Plaintiff's counsel's ("counsel") law firm sent an email to the SCAD Title

IX Coordinator ("Coordinator") stating that she was unable to access the digital file using counsel's credentials, asking to be given access to the files as a member of the law firm, and requesting insight on how best to download and/or print the documents for review.

7. On Monday, Oct. 31, 2022 at 3:56 p.m., a full seventy-two (72) hours later, yielding three days of lost time for accessing files with only had ten (10) days for reviewing them, the Title IX Coordinator finally replied directly to counsel (not Mai, the attorney who made the request) stating

    a. For the sake of consistency and equity in our process, our office must restrict our communications solely to the Advisor of a Party. Therefore, we are not able to correspond with [attorney] about any matters related to the investigation or [Doe]'s educational record. As noted in the invitation to the Box folder you received, the draft investigative report is "preview only" and cannot be printed. We restrict downloading in order to protect the privacy of those involved in the investigation and to prevent documentation from being copied, reproduced, forwarded, etc. by recipients.

8. The following morning, Plaintiff's counsel emailed the Title IX Coordinator with an explicit request that access be granted to Mai.

a. While I fully understand the printing restrictions I would ASK that access be granted to Brandy. She is the other Attorney in my office and is working collaboratively with me on this case. This would facilitate us being to fully able to discuss this document as I'm sure you will appreciate.

9. SCAD denied this request.

10. Access to the draft investigative report and evidence ceased, as scheduled, on Nov. 3, 2022 at 11:59 p.m.

11. The Complainant nor the Respondent provided a response to the draft Investigation Report and evidence.

12. The Investigator submitted the final Investigation Report to the Title IX Coordinator(s) on November 17, 2022.

13. The final report was shared with the Parties and their Advisors on November 22, 2022.

14. Pre-hearing meetings with the Parties and witnesses to review the process and answer questions were held with the Deputy Coordinator from December 1 to 9, 2022.

15. The live hearing into the Complaint was held on December 12, 2022.

16. Plaintiff's counsel did not have access to the evidence at the hearing and had to rely on his memory of the investigative file from 39 days prior.

17. On Dec. 27, 2022, two days after Christmas, SCAD issued their Hearing Officer Decision and Sanctioning Officer Decision via email from the Title IX Coordinator. The decisions were attached as pdf files to the email, and curiously were not behind the digital format that had previously been used.

18. The following sanctions were received by Plaintiff:

    a. Suspension with reenrollment to resume no sooner than fall 2023;

    b. Respondent must submit proof of completion of personal decision-making education prior to reenrollment;

    c. Respondent must submit 1,000 word minimum essay regarding Informed consent" (with citations) prior to reenrollment; and

    d. No Contact Order" (NCO) remains in effect indefinitely.

19. The email stated that Plaintiff had three (3) days to appeal the determination regarding responsibility.

20. Plaintiff's counsel emailed the Coordinator and stated that the quick turnaround, especially during a holiday week, was highly inconvenient, that counsel was on leave for the holidays and unable to access his computer. Further, there's no way to file leave of court in Title IX cases.

21. In order to complete the appeal within SCAD's 72-hour window, Mai emailed the Coordinator asking for access to a recording/transcript of the Dec. 12, 2022 hearing and the investigative case file.

22. The Coordinator responded directly to Counsel (not Mai, again) stating that access could only be granted to one (1) advisor.

23. Counsel responded with a request for access to be granted to Mai since counsel was on leave, not able to access a computer, and that the term 'one advisor' can mean 'one law firm.'

24. The Coordinator responded with an acknowledgment that even though counsel was experiencing "operational challenges," access could only be granted to one (1) advisor.

25. Further, Coordinator suggested that Plaintiff could change his advisor to Mai if she needed access, but that in doing so, counsel would be removed as his advisor.

26. Access to the hearing transcripts and investigative file were subsequently given to Counsel and Plaintiff.

27. The files were again in a format that could not be downloaded, saved, or printed.

28. Access to the files is scheduled to end at 11:59 p.m. on Jan. 5, 2023.

29. Sanctions will begin tomorrow, Jan. 6, 2023 if an appeal is not filed with SCAD's Title IX Office by 11:59 p.m. on Jan. 5, 2023.

30. Administrative remedies regarding the Hearing Officer Decision (findings) cannot be exhausted without preliminary injunctive relief.

31. No administrative remedies exist regarding the Sanctioning Officer Decision, and further, no hearing nor opportunity to be heard was offered or contemplated as to the sanctions themselves, which were not addressed or considered on the hearing on responsibility. Thus, injunctive relief is need.

32. No adequate remedy or remedies at law exist.

Plaintiff will suffer the following injuries and harms if a Temporary Restraining Order is not entered:

a. Loss of current and existing education,

b. The disruption and premature cessation of a current education semester,

c. The loss of current and existing scholarships, and

d. The loss of current and existing extracurricular activities in association with the educational experiences.

Said injury and harm is immediate and irreparable for the following reasons:

a. No adequate remedy at law exists for the loss of a current and existing education,

b. The disruption and premature cessation of a current education semester (the semester which he was expected to graduate),

c. The loss of current and existing scholarships, and

d. The imposed sanctions are scheduled to begin tomorrow, Jan. 6, 2023.

Further, Plaintiff alleges the following:

1. Any harm to defendant would be outweighed by the benefits to public interest in ensuring SCAD complies with procedural due process and Title IX. The benefits weigh heavy in favor of preliminary injunction.

2. Plaintiff would have no adequate remedy at law, and this Court's ability to fashion effective relief would be significantly impaired if SCAD proceeds with sanctions against Plaintiff.

3. A Temporary Restraining Order and Preliminary Injunction would allow this Court to render effective relief if Plaintiff prevails.

4. There is a substantial likelihood that Plaintiff will be successful in a preliminary injunction hearing and potential future litigation for violations of its Title IX policies. The likelihood of success is even greater if this court enjoins defendant from failing to provide relevant evidence and case files to Plaintiff.

5. A Temporary Restraining Order is necessary to preserve the status quo, to prevent further irreparable injury to Plaintiff and the public that would result from defendant's implementation of sanctions against Plaintiff, holding files from Plaintiff's Title IX investigation in a "disappearing ink" format, refusing to share Plaintiff's Title IX investigation files with another member of Plaintiff's law firm, and conducting an appeal on Plaintiff's Title IX case until such time as Plaintiff can access the investigation files which allow him to mount a proper

appeal and a meaningful opportunity is granted for Plaintiff to be heard on the sanctions against him.

In this case, the "last actual, peaceable uncontested status which preceded the pending controversy" was before SCAD delivered its Hearing Officer Decisions and Sanctioning Officer Decisions. Any injunction, therefore, would preserve the status quo and is more fairly characterized as prohibitory.

**D. The Court has discretion to not require Plaintiff to post a bond.**

Although Rule 65(c) allows the posting of a bond, it is "well-established" in the Eleventh Circuit that "the amount of security required by the rule is a matter within the discretion of the trial court ... [and] the court may elect to require no security at all." *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

In public interest actions such as this one, courts routinely require no security or only nominal security. See *S. Appalachian Biodiversity Project v. U.S. Forest Serv., 162 F. Supp. 2d 1365, 1367 (N.D. Ga. 2001) (requiring no bond)*; *State of Ala. ex rel. Baxley v. Corps of Engineers of U. S. Army*, 411 F. Supp. 1261, 1275 (N.D. Ala. 1976) (requiring nominal $1 bond); *Natural Resources Defense Council v. Morton*, 337 F. Supp. 167 (D.D.C.1971), aff'd on other grounds, 458 F.2d 827 (1972) (requiring nominal $100 bond). As many courts have noted, to do otherwise would effectively "close the courthouse door in public interest litigation by imposing a

burdensome security requirement on Plaintiffs who otherwise have standing to review governmental action." *Baxley*, 441 F. Supp. at 1275. This is particularly true in cases like this one, where Plaintiff has established a high likelihood of success on the merits.

WHEREFORE, Plaintiff prays that, pending turnover of Plaintiff's Title IX investigation files to Plaintiff's attorney and his law partner in an accessible, downloadable, savable, or printable format and a meaningful opportunity to be heard regarding sanctions against Plaintiff is held, the defendant and all persons acting on its behalf be enjoined from the following:

1. immediately implementing sanctions against Plaintiff

2. conducting an appeal on Plaintiff's Title IX case without:

   a. providing a meaningful opportunity to be heard on the issue of sanctions; and

   b. delivering Plaintiff's Title IX investigation files:

      i. to plaintiff's counsel (or advisor for Title IX purposes);

      ii. to an additional attorney in plaintiff's counsel's law firm;

      iii. in a non-watermarked manner;

      iv. in a printable, downloadable, and/or savable (AKA not in "disappearing ink" style).

Plaintiff cannot exhaust any administrative remedies or mount an adequate appeal without this injunctive relief.

Respectfully submitted this 11th day of January, 2023.


/s/ Joseph J. Steffen, Jr.
Attorney for Plaintiff
223 W. York St.
Savannah, GA 31401
(912) 604-4147
joe@joesteffen.com